**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth L Black,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-21-02028-PHX-GMS<br><br>**ORDER** |

United States Magistrate Judge John Z. Boyle issued a Report and Recommendation ("R&R") recommending that the November 24, 2020 decision of the Administrative Law Judge be affirmed. (Doc. 23.) Plaintiff filed an objection to the R&R. (Doc. 24.) For the following reasons, the Court accepts Magistrate Judge Boyle's R&R.

**DISCUSSION**

The Court considers Plaintiff's objections and reviews the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (noting that courts must make a de novo determination of those portions of an R&R to which specific objections are made). A party, however, is not entitled to de novo review of evidence or arguments that are raised for the first time in an objection to an R&R, and the court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000); *accord Phillips v. Ryan*, No. CV-17-08094-PHX-DLR-(DKD), 2018 WL 3096883, at *1 (D. Ariz. June 22, 2018) ("The Court will not consider an argument raised for the first time in an

objection to an R&R."). After careful review of the record, R&R, and Plaintiff's objections, the Court reaches the same conclusions as the Magistrate Judge.

First, Plaintiff objects to the R&R because the recommendation is "[c]ontrary to *Brown-Hunter*." (Doc. 24 at 2.) *Brown-Hunter v. Colvin* requires the Administrative Law Judge "to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." 806 F.3d 487, 489 (9th Cir. 2015). Here, Part IV(B) of the R&R specifies what testimony the Administrative Law Judge found not credible and the reasons why. (Doc. 23 at 6–11.) The Administrative Law Judge summarized Plaintiff's symptom testimony, "objective medical evidence, the opinion evidence, the medical evidence record, and the record as a whole." (Administrative Record ("AR") at 26–29; Doc. 23 at 7.) She "noted inconsistent statements in the record as a basis to reject Plaintiff's symptom testimony." (Doc. 23 at 10) (citing AR at 27, 446, 450, 454, 458, 478); *see also Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) ("To determine whether the claimant's testimony . . . is credible, the ALJ may consider . . . the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid. . . ."). Therefore, the R&R is consistent with *Brown-Hunter*.

Second, Plaintiff asserts that "the Magistrate Judge was wrong about significant improvement" in Plaintiff's pain control. (Doc. 24 at 3.) Plaintiff challenges Judge Boyle's finding that (1) "substantial evidence supports the conclusion that significant relief occurred," (Doc. 23 at 7), and (2) "substantial evidence supports the ALJ's conclusions that substantial improvement occurred throughout the treatment period," (*Id.* at 10). The Administrative Law Judge's "determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *see Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Here, Part IV(B) of the R&R summarizes the substantial evidence relied on by

the Administrative Law Judge. (Doc. 23 at 6–11.) Medical reports regarding pain management procedures; opinion evidence; third-party statements; and Plaintiff's symptom testimony, reports of adequate relief from medication, and denial of gait abnormalities substantially support the Administrative Law Judge's rational finding that Plaintiff's pain levels significantly improved. (*Id.*) Thus, the Magistrate Judge reached the correct conclusion.

Third, Plaintiff contends that the Magistrate Judge "recommended affirmance without invoking the doctrine of harmless error." (Doc. 24 at 4–6, 9.) Moreover, according to Plaintiff, the Magistrate Judge never denied that the Administrative Law Judge erroneously rejected evidence. (*Id.* at 6–7.) The R&R notes that the Administrative Law Judge:

> inaccurately characterized the record as "consistently" showing a "normal gait." (AR. at 28.) But the ALJ also cited evidence of Plaintiff's full lower extremity strength without motor loss, normal sensation in the bilateral lower extremities, and lack of evidence showing he used an assistive device. (AR. at 27-28.) While the record shows repeated observations of an abnormal gait, there are other clinical signs the ALJ considered, and substantial evidence supports the ALJ to the extent she noted Plaintiff's full strength and sensation, among other factors. (AR. at 463, 467, 471, 475, 548, 759.)

(Doc. 23 at 11.) Judge Boyle's analysis shows that the mischaracterization of evidence "was inconsequential to the ultimate nondisability determination." *See Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006). Therefore, Judge Boyle did review the Administrative Law Judge's decision for harmless error. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that 'the ALJ's error was "inconsequential to the ultimate nondisability determination."'") (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006), then quoting *Stout*, 454 F.3d at 1055).

Finally, Plaintiff disapproves the R&R because Judge Boyle erroneously held that the Administrative Law Judge properly relied on unfavorable evidence. (Doc. 24 at 7–8.) Plaintiff argues that his own testimony "that he could walk a quarter mile if he had to is

not even a scintilla of evidence that he could walk for two-hour intervals in full-time work . . . ." (*Id.* at 7.) Moreover, the Administrative Law Judge should not have relied on "notations that he was not in distress," (*Id.* at 8), or the "quality-of-life evidence," (*Id.*). The Court denies this final objection to the R&R for the same reasons it rejected Plaintiff's first argument concerning compliance with *Brown-Hunter* and his second argument regarding Judge Boyle's substantial evidence finding. The Administrative Law Judge applied the correct legal standards and substantial evidence supports the decision.

## CONCLUSION

Accordingly, the Court accepts the recommended decision within the meaning of Federal Rule of Civil Procedure 72(b) and overrules Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 24) is accepted.

**IT IS FURTHER ORDERED** affirming the November 24, 2020 decision of the Administrative Law Judge.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this case.

Dated this 26th day of September, 2023.

_____
G. Murray Snow
Chief United States District Judge